UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARY DORSEY, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| v. | ) | **No. 3:15-cv-00969** |
|  | ) | **Senior Judge Haynes** |
| VICKIE FREEMAN, *et al.*, | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

MEMORANDUM

Plaintiff Mary Dorsey, an inmate of the Mark Luttrell Correctional Center in Memphis, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against Defendants: Vickie Freeman, Cassandra Benford, f/n/u Hampton, f/n/u Bullard, f/n/u Dent, and f/n/u Williams. Plaintiff asserts claims for the Defendants' failure to protect her for which Plaintiff seeks $100,000.00 and punitive damages.

According to her complaint, on September 15, 2014, while incarcerated at the Tennessee Prison for Women in Nashville, Tennessee, Plaintiff was in the visitation area of the prison for a parole hearing. At the conclusion of the hearing, Plaintiff engaged in a conversation with Sharicka Caldwell, a guest at the prison. During the conversation, Ms. Caldwell expressed a romantic interest in Plaintiff, but Plaintiff rejected Ms. Caldwell's "physical overture." Ms. Caldwell became very angry and a brief argument ensued. Ms. Caldwell smacked Plaintiff in the face and grabbed Plaintiff's necklace, "ripping it from her neck." Plaintiff sought assistance from the Corrections Emergency Response Team, but was told that Ms. Caldwell could not be detained or searched because she had left. Plaintiff alleges that Defendants f/n/u Hampton, f/n/u Bullard, f/n/u Dent, and

1

f/n/u Williams were present during the incident. (Docket No. 1, Complaint at 5).

Plaintiff's complaint is before the Court for an initial review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings

drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, the Plaintiff must allege plausible facts that she was deprived of a right secured by the Constitution or laws of the United States "was caused by a person acting under color of state law." *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

Under the Eighth Amendment, prison officers must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). To state this Eighth Amendment claim, Plaintiff must allege plausible facts that the Defendants acted with "deliberate indifference" to a substantial risk that the defendant would cause the prisoner serious harm. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993).

Assuming Plaintiff's factual allegations to be true, Plaintiff does not allege any facts that the Defendants knew Plaintiff was at risk of being attacked by Caldwell. Plaintiff's complaint alleges that Caldwell was present at the prison in support of Plaintiff's parole hearing and Plaintiff willingly met with Caldwell. Moreover, Plaintiff's Eighth Amendment claims against Warden Freeman and Associate Warden Benford are based solely on the theory of respondeat superior. Accordingly, the Court concludes that Plaintiff fails to state an Eighth Amendment claim with respect to the attack.

The Court concludes that Plaintiff's complaint fails to state a claim for relief. Absent an actionable claim, the Court must dismiss the complaint *sua sponte*

An appropriate Order is filed herewith.

ENTERED this the 21st day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge